**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**JUAN JOSE MELENDEZ ALVAREZ**<br>**MARLA YENIS BONILLA SANTIAGO**<br><br><br><br>**Debtor(s)** | **CASE NO.  09-11014**<br>**Chapter   13**<br><br><br>**Adversary No.  10-00119** |
| **JUAN JOSE MELENDEZ ALVAREZ**<br>**MARLA YENIS BONILLA SANTIAGO**<br><br>**Plaintiff**<br>**vs.**<br><br>**RG MORTGAGE CORPORATION,et als.**<br><br><br>**Defendant** | <br><br><br><br><br>**FILED & ENTERED ON 06/04/2012** |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Summary Judgment [Dkt. No. 44], Defendant's Motion for Summary Judgment [Dkt. No. 46], Defendant's Statement of Material Facts Not in Issue [Dkt. No. 47], Defendant's Memorandum of Law in Support of Motion for Summary Judgment [Dkt. No. 48], Plaintiff's Reply to Defendant's Memorandum of Facts and Memorandum of Law Related to Motion for Summary Judgment [Dkt. No. 61], Defendant's Opposition to Plaintiffs' Motion for Summary Judgment [Dkt. No. 69], Defendant's Counter Statement of Material Facts in Issue [Dkt. No. 70], Defendant's Memorandum of Law in Support of Opposition to Plaintiffs' Motion for Summary Judgment [Dkt. No. 71], Defendant's Reply to Plaintiff's Reply to Defendant's Memorandum of Facts and Memorandum of Law Related to Motion for Summary Judgment [Dkt. No. 72], and Defendant's Counter Statement of Material Facts in Issue (Amended) [Dkt. No. 73].

For the reasons set forth below, the Plaintiff's Motion for Summary Judgment and the Defendant's Cross Motion for Summary Judgment are DENIED.

Under Federal Rules of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rules of Bankruptcy Procedure 7056, summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The Court must view the evidence in a light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos at 388.

The Plaintiffs/Debtors filed the present adversary proceeding alleging that the Defendant RG Mortgage/Scotiabank (hereinafter "Bank") had breached the contractual agreement signed with Plaintiffs (31 P.R, Laws Ann. §5141, §3018 and §3052), and that they also violated the stay as per 11 U.S.C. §362(a) enforced by 11 U.S.C. §541(a)(5). Plaintiffs, Juan José Meléndez Álvarez and Marla

Yenir Bonilla Santiago, are debtors in a chapter 13 case filed on December 23, 2009. Before filing the bankruptcy petition, the Debtors and the Bank had negotiations for a loss mitigation stipulation agreement called "Home Affordability and Stability Plan," or "FDIC Loan Modification Program" in order to reduce the Debtors' mortgage payment and prevent foreclosure.

On December 21, 2009, both parties executed the FDIC Loan Modification Program Trial Period Plan (hereinafter "FDIC LMP"). The FDIC LMP provided clients with a three month probationary trial period followed by the possibility of executing a permanent Modification Agreement. Two days after signing the FDIC LMP, the Debtors filed bankruptcy. On April 13, 2010, during the last month of the trial period, the Bank sent a letter cancelling the Debtor's continued participation in the Program because the FDIC LMP did not allow a client to be in bankruptcy.

Plaintiffs/Debtors argue that they were not informed of the consequences of the bankruptcy filing on the Program and that the bank was aware of their intention to file. The Bank claims they provided Plaintiffs/Debtors a document titled "FDIC Loan Modification Program" [Exhibit F, Dkt. No. 47] that states that loans subject to these contracts are typically eligible for modification…if "the borrower is currently not in bankruptcy, or has not been discharged from Chapter 7 bankruptcy since the loan was originated." The Plaintiffs/Debtors argue to the contrary that said document was not provided to them.

After reviewing all the documents presented with the summary judgment motions, there are still contested material facts that mandate an evidentiary hearing. First, whether the Bank had an obligation to inform the Plaintiffs/Debtors that filing a bankruptcy case during the probation period would result in not executing a Modification Agreement; Second, regardless of the obligation to

inform, did the Bank actually inform the Plaintiffs/Debtors the consequences of a bankruptcy filing on the Modification Agreement.

WHEREFORE, IT IS ORDERED that the motions requesting summary judgment shall be, and it hereby are, DENIED. Clerk to schedule a pre-trial hearing.

In San Juan, Puerto Rico this 4th day of June, 2012.

Brian K. Tester
U.S. Bankruptcy Judge